### Anthony J. Fisher and Samuel Dietcher v. A. Y. McDonald Co.

1. INSTRUCTIONS—*As to the Liability of a Partner.*—It is error to base the question of the liability of a person as a partner upon what a reasonable and prudent man may have cause to believe. The question is whether a party, from the facts and circumstances which had come to his knowledge, or which, in the exercise of proper care he would have known, had a right to and did believe that such party was a member of the firm.

2. PRACTICE—*Effect of Attaching an Affidavit to the Declaration.*— Where an affidavit is attached to the declaration and no affidavit of merits is filed by the defendant, the affidavit attached to the declaration is *prima facie* evidence of the amount due and no further testimony is necessary.

Error to the Superior Court of Cook County; the Hon. JOHN BARTON
PAYNE, Judge, presiding.  Heard in the Branch Appellate Court at the
March term, 1899.  Reversed and remanded.  Opinion filed December
5, 1899.

STEPHEN G. SWISHER, attorney for Samuel Dietcher, one
of the plaintiffs in error.

E. S. CUMMINGS, attorney for plaintiff in error Anthony
J. Fisher.

As between the parties the question of the existence of a
partnership relation is one of intention, to be gathered from
all the circumstances.   National Surety Co. v. T. B. Town-
send B. & C. Co., 176 Ill. 156.

Liability as partners to third persons.   See Vol. 1, Lind-
ley on Partnerships (Wentworth's Notes), Sec. 43, page 55;
Thompson v. First National Bank, 111 U. S. 529;  Bowen
v. Rutherford, 60 Ill. 41.

To estop a person to deny that he is a partner, the act of
holding out must be voluntary on his part; merely being
held out as a partner by another without knowledge of it
creates no liability.   No estoppel arises if he is not in fault.
The holding out must be by his own knowledge, assent or
acts.   Bates on Partnerships, Sec. 95;  Smith v. Newton,
38 Ill. 230;  People v. Brown, 67 Ill. 435;  Story on Partner-
ship (7th Ed.), Sec. 54, page 86.

BULKLEY, GRAY & MORE, attorneys for defendant in
error.

MR. PRESIDING JUSTICE HORTON delivered the opinion of
the court.

This suit was commenced against Henry L. Dietcher and
Anthony J. Fisher.   Afterward, by order of court, S. Diet-
cher was made a party defendant.   When the case was
called for trial, and on motion of plaintiff's attorneys, the
suit was discontinued as to the defendant Henry L.
Dietcher; verdict and judgment are against said Fisher and
S. Dietcher.  To reverse said judgment this cause is brought
to this court.

For several years prior to the spring of 1892 Samuel Dietcher had been in mercantile business at Jefferson Park in this county. In April, 1892, being in ill health, he gave the business to his son, said Henry L. Dietcher. Said Fisher and said Henry L. continued the business as partners under the firm name of Dietcher & Fisher. It is contended, and judgment was apparently entered against said Samuel upon the theory that, under the facts and circumstances, he should be held liable to pay for goods purchased in the continuance of said business, whatever may have been the relation of the parties defendant as between themselves.

The testimony is clear and uncontradicted that said Fisher and said Henry L. Dietcher were the only members of said firm of Dietcher & Fisher. Said Samuel Dietcher was never, in fact, a member of that firm. As said judgment must be reversed and this cause remanded for another trial, we do not feel called upon to express any opinion upon the testimony as to the continuing liability of said Samuel Dietcher to creditors.

Those who were in fact members of said firm of Dietcher & Fisher are undoubtedly liable for the debts of said firm. And if said Samuel Dietcher is compelled to pay such debts, then the members of said firm must repay to him the amount he is thus required to pay. If said Samuel is liable jointly with any one for such debts, it is with both of the members of said firm. He was not, in fact, a partner of said Fisher. There was no joint contract by said Samuel and said Fisher creating a joint liability. It was error to dismiss this suit as to said Henry L. and to enter a judgment against said Samuel and said Fisher jointly.

The court gave to the jury the following instruction, viz.:

" The court instructs the jury that parties may so conduct themselves as to be liable to third persons as partners when in fact no partnership exists between themselves. The public are authorized to judge from appearances and are not bound to know the real facts. Persons may be copartners as to third persons and brought within all the liabilities of partners as to third persons, who are not partners between themselves, and they will be so regarded as to

third persons if the evidence shows they voluntarily and intentionally so conducted themselves as to reasonably justify the public or persons dealing with them in believing that they are partners. *And if you further find that the plaintiffs did so deal with the defendants, and that from all the facts shown in evidence you find that a reasonable and prudent man had cause to believe said defendants were in fact partners, you may find for the plaintiffs.*

It appears from the argument of the attorneys for defendant in error, but not by the abstract of record, that the last sentence (in italics) was added by the court.

The attorney for plaintiff in error Samuel Dietcher contends that it was error to give said instruction. He cites no authorities, however, in support of his contention. Neither do the attorneys for defendant in error cite any authorities to sustain the correctness of said instruction, and they say " we believe the instruction without the modification was more accurate than with it."

It is a mistake to base the question of the liability of plaintiff in error upon what a reasonable and prudent man " may have had cause to believe." The question is whether defendant in error, from the facts and circumstances which had come to its knowledge, or which in the exercise of proper care it would have known, had a right to and did believe that plaintiff in error was a member of the firm to which credit was extended.

Said instruction should not have been given.

Plaintiff in error Fisher was not present or represented by attorney at the trial of said cause. By the other parties who were present, in person or by attorney, the amount due from Dietcher & Fisher to defendant in error was agreed upon. There was no testimony as to the amount thus due. Attorneys for said Fisher here contend that he is not bound by such agreement, and that it was error to enter judgment without proof as to the amount.

There is attached to the declaration an affidavit stating the amount due to be the same as the amount of the judgment. There was no affidavit of merits filed by said Fisher. The affidavit attached to the declaration is therefore *prima*

*facie* evidence of the amount due. Under the pleadings and record no further testimony was necessary. Stat., Ch. 110, Secs. 37 and 38.

For the errors indicated the judgment of the Superior Court is reversed and the cause remanded.